```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BRUCE C. WEBSTER,                                       :
                                                                    OPINION AND ORDER
                        Plaintiff,                      :
                                                                    10 Civ. 3651 (GWG)
        -against-                                       :

                                                        :
JOHN POTTER, POSTMASTER GENERAL,                        :
UNITED STATES POSTAL SERVICE,
                                                        :
                        Defendant.
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Bruce C. Webster brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, e-5 ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, 12117 ("ADA"), alleging that his supervisors at the United States Postal Service ("USPS") retaliated against him for engaging in protected activity. The USPS has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted.

I.      FACTS

Webster is an employee of the USPS in New York City. See Webster v. Potter, Appeal No. 0120092796, 2009 WL 3700709, at *1 (E.E.O.C. Oct. 22, 2009) (annexed to Complaint, filed Jan. 28, 2010 (Docket # 1) ("Compl.")) ("EEOC Decision");[1] Request to Proceed In Forma Pauperis, filed Jan. 28, 2010 (Docket # 2) ¶ 1. Webster alleges that his supervisors at the USPS retaliated against him: (1) by denying his February 8, 2008 request to change his schedule on

---

[1]Because the copy of the EEOC Decision annexed to Webster's complaint is at points illegible, we cite to the Westlaw citation.

February 9 and 11, 2008, so that he could attend an equal employment opportunity grievance hearing and an arbitration hearing; (2) by charging him 3.5 hours "Leave Without Pay" on February 12, 2008, while he was sick with a stomach virus in the medical unit; and (3) because on March 4 and 7, 2008, he was "under constant harassment" from one of his supervisors and his "wages were garnished after [he] received [an] award from [an] arbitration decision . . . ." Compl. ¶¶ 4, 8.

Webster filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on June 1, 2008, regarding the USPS's alleged retaliatory conduct. See Compl. ¶ 10; EEO Complaint of Discrimination in the Postal Service, dated June 1, 2008 (annexed to Compl.). The agency "accepted for investigation" Webster's first two claims but dismissed the third claim "pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim, finding that he was not aggrieved and the claim did not rise to the level of actionable harassment." Webster, 2009 WL 3700709, at *1. An Administrative Law Judge ("ALJ") granted summary judgment on the remaining claims in favor of the USPS on March 9, 2009. See id. at *1. On October 22, 2009, the EEOC affirmed the ALJ's decision and issued Webster a "Right to Sue" letter. See id. at *1, 3. This letter states: "You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision." Id. at *3 (emphasis in original).

Webster alleges that he received the "Right to Sue" letter on October 27, 2009. See Compl. ¶ 12. His federal court complaint, submitted to the United States District Court for the Eastern District of New York, is dated January 27, 2010. See Compl. at 5. The complaint was stamped "received" by the Pro Se Office on January 28, 2010. See id. at 1. On May 3, 2010, the

Hon. Roslynn R. Mauskopf, United States District Judge for the Eastern District of New York, issued an order transferring the case to this Court. See Order, filed May 3, 2010 (Docket # 7).

In a letter dated July 28, 2010, the Government sought permission to move to dismiss the complaint on statute of limitations grounds. See Endorsed Letter, filed Aug. 4, 2010 (Docket # 15). Webster filed a notice of motion, apparently in response to the Government's proposed motion, to which he attached an affirmation entitled "Affirmation of Bruce C. Webster in Opposition to Defendant's Motion for Dismissal." See Affirmation, dated Aug. 11, 2010 (annexed to Notice of Motion, filed Aug. 12, 2010) (Docket # 18)). The affirmation gave various reasons for Webster's failure to timely file, including mental and medical issues. Id.

On August 18, 2010, the USPS then filed the instant motion to dismiss. See Notice of Motion, filed Aug. 18, 2010 (Docket # 19); Memorandum of Law in Support of Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment, filed Aug. 18, 2010 (Docket # 20) ("Def. Mem."); Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings, filed Aug. 18, 2010 (Docket # 21) ("Pro Se Notice"). The USPS's memorandum of law raised the issue of equitable tolling. See Def. Mem. at 6. On August 27, 2010, Webster countered this motion with his own motion, asking that the Court proceed with the case as scheduled and that it not grant the USPS's motion to dismiss or its motion for summary judgment. See Notice of Motion, filed Aug. 27, 2010 (Docket # 22) ("Pl. Motion"). Webster included an affirmation regarding tolling that was essentially identical to the one that he had filed prior to the motion to dismiss. See Affirmation in Opposition to Motion, dated Aug. 27, 2010 (annexed to Pl. Motion) ("Pl. Aff."). On September 9, 2010, the USPS filed a reply brief in further support of its motion. See Reply in Further Support of Defendant's

3

Motion to Dismiss, or, in the Alternative, for Summary Judgment, filed Sept. 9, 2010 (Docket # 23).

## II.     STANDARD OF REVIEW

The USPS has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.  The USPS has not adverted to any documents outside the pleadings in support of its motion, which is the normal predicate when a court converts a motion to dismiss to one for summary judgment.  See Fed. R. Civ. P. 12(d).  But inasmuch as the USPS raised the issue of equitable tolling in its memorandum of law, see Def. Mem. at 4-6, it was appropriate for it to move in the alternative for summary judgment in light of the fact that any claim by plaintiff to equitable tolling would have required plaintiff to submit materials outside the pleadings.  See generally Boos v. Runyon, 201 F.3d 178, 181 (2d Cir. 2000) ("The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff.").  The Government provided Webster with a notice pursuant to Local Civil Rule 12.1 that informed him that the motion might be treated as one for summary judgment and that the complaint might be dismissed if he failed to file "sworn affidavits or other papers as required by [Fed. R. Civ. P.] 56(e)."  See Pro Se Notice at 1.  Given these circumstances, the Court will treat the USPS's motion as one for summary judgment because the USPS explicitly raised the issue of equitable tolling in its moving papers, Webster was informed of his obligation to submit evidence in response to the USPS's motion, and Webster in fact submitted an affirmation in response that addressed the equitable tolling issue.  See Groden v. Random House, Inc., 61 F.3d 1045, 1052-53 (2d Cir. 1995) (appropriate to treat motion to dismiss as one for summary judgment as long as plaintiff had "reasonable opportunity to meet facts outside the pleadings")

(internal quotation marks and citation omitted).

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact "may reasonably be resolved in favor of either party" and thus should be left to the finder of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. Id. at 255 (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original) (additional citation omitted), and "'may not rely on conclusory allegations or unsubstantiated speculation,'" Jeffreys v. City of N.Y., 426 F.3d 549, 554 (2d Cir. 2005) (quoting Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 428 (2d Cir.), cert. denied, 534 U.S. 891 (2001)). In sum, the non-movant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor . . . ." Anderson, 477 U.S. at 256.

III. DISCUSSION

   A. Deadline for Filing Suit in the District Court

An employee claiming employment or disability discrimination must exhaust available

5

administrative remedies prior to bringing an action in federal court.  See 42 U.S.C. § 2000e-5; id. § 12117(a).[2]  If the administrative claim is denied, the employee must file suit in federal court within 90 days of receiving a right to sue letter from the EEOC.  See id. §§ 2000e-5, 12117(a); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 (per curiam), reh'g denied, 467 U.S. 1231 (1984); Nash v. Human Dev. Servs. of Westchester, 2003 WL 22871911, at *4 (S.D.N.Y. Dec. 4, 2003); Toolan v. Bd. of Educ. of N.Y., 2003 WL 22015437, at *2 (S.D.N.Y. Aug. 25, 2003).  "Absent sufficient evidence to the contrary, it is presumed that a plaintiff received his or her right to sue letter three days after its mailing," Cohn v. KeySpan Corp., --- F. Supp. 2d ----, 2010 WL 1993886, at *10 (E.D.N.Y. May 13, 2010) (citing Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996)) (internal quotation marks and additional citation omitted), and "it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice," Sherlock, 84 F.3d at 526.

Here, the Right to Sue letter was mailed to Webster on October 22, 2009, see EEOC Decision at 6, and thus it can be presumed that Webster received the letter on October 25, 2009.  See Sherlock, 84 F.3d at 525-26.  While Webster asserts that he received the letter on October 27, 2009, see Compl. ¶ 12, that assertion does not affect the Government's argument, because, even using this date, Webster was required to file his complaint within 90 days of October 27, 2009, or by Monday, January 25, 2010.  Because Webster was granted relief to proceed in forma pauperis, see Order, filed Feb. 12, 2010 (Docket # 3), the relevant filing date is the date the

---

[2]  While the Government has not addressed the point, plaintiff's suit proceeds under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq., not the ADA, because he is a federal employee. See, e.g., Bethea v. Potter, 2010 WL 423105, at *6 (S.D.N.Y. Feb. 5, 2010).  The same 90-day statute of limitations, however, applies to suits under the Rehabilitation Act of 1973.  See 29 C.F.R. § 1614.407(a); Boos, 201 F.3d at 181.

complaint was received by the Pro Se Office, which was Thursday, January 28, 2010, see Compl. at 1.  See Ortiz v. Cornetta, 867 F.2d 146, 147 (2d Cir. 1989); Rosenberg v. Martin, 478 F.2d 520, 522 n.1a (2d Cir.), cert. denied, 414 U.S. 872 (1973).  Because this date is 93 days after receipt of the Right to Sue letter, the complaint was not timely filed.

    B.        Equitable Tolling

We next consider whether Webster can benefit from the doctrine of equitable tolling, which is available in some instances to toll statutory filing deadlines.  "As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Bolarinwa v. Williams, 593 F.3d 226, 231 (2d Cir. 2010) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007) (internal quotation marks omitted)).  "'Equitable tolling applies only in the rare and exceptional circumstance,'" Bertin v. United States, 478 F.3d 489, 494 n.3 (2d Cir. 2007) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. ) (per curiam), cert. denied, 531 U.S. 840 (2000) (internal quotation marks and alterations omitted)), and is appropriate only where the party "is prevented in some extraordinary way from exercising his rights," Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and citation omitted).  As noted, "[t]he burden of demonstrating the appropriateness of equitable tolling" rests with the plaintiff.  Boos, 201 F.3d at 185; accord Johnson v. Verizon, 2009 WL 3000080, at *6 (S.D.N.Y. Sept. 21, 2009).  In making this determination, the district court considers whether the party seeking equitable tolling "(1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply."

Zerilli-Edelglass, 333 F.3d at 80-81 (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)).

The Supreme Court has allowed equitable tolling where: (1) "a claimant has received inadequate notice," (2) "a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon," (3) "the court has led the plaintiff to believe that she had done everything required of her," or (4) "affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." Baldwin, 466 U.S. at 151 (citations omitted). Lower courts have commonly considered the four Baldwin categories in their analysis of equitable tolling. See, e.g., Rosquist v. N.Y. Univ. Med. Ctr., 1998 WL 702295, at *5 (S.D.N.Y. Oct. 7, 1998), aff'd, 199 F.3d 1323 (2d Cir. 1999); Edinboro v. Dep't of Health & Human Servs., 704 F. Supp. 364, 366 (S.D.N.Y. 1988). Here, Webster has failed to demonstrate that any of these circumstances were present. The EEOC's notice was more than adequate inasmuch as it explicitly informed Webster of the 90-day deadline and the consequences of failing to meet it, there was no motion for an appointment of counsel pending, no court led Webster to believe that he did not need to timely file the complaint, and there is no evidence that the USPS committed affirmative misconduct that led Webster to delay the filing of his complaint.

Webster's explanation for his failure to timely file is contained in his affirmation, which asserts that he has unspecified "[m]edical issues" resulting from an accident that occurred in February 2006, that there existed "[v]arious medications . . . causing side effects," that there were "[l]egal issues from [an] accident occurring on October 9, 2007," that his work hour schedule was changed, that he has a "history of depression dating back to the mid 1990's," and that he has "other external issues . . . [including] undue hardship . . . [and] mental anguish." See

Pl. Aff. ¶¶ 1-5.

While case law reflects that a plaintiff's medical or mental condition can justify equitable tolling, a "conclusory and vague claim, without a particularized description of how [a] condition adversely affected [a plaintiff's] capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling." Boos, 201 F.3d at 185; accord Estate of Mandarino v. Mandarino, 699 F. Supp. 2d 646, 652 (S.D.N.Y. 2010); DaCosta v. Union Local 306, 2009 WL 2986388, at *11 (S.D.N.Y. Aug. 12, 2009); Gannon v. Continuum Health Partners, Inc., 2007 WL 2040579, at *5 (S.D.N.Y. July 12, 2007). Here, Webster has not explained how the various circumstances he enumerates affected his capacity to function. See, e.g., Victorial v. Burge, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) (litigant was required to "demonstrate some form of incapacitation due to the mental illness that affected his ability to act with due diligence during the time period at issue"). Nor has he connected these issues to the late filing or demonstrated that he "acted with reasonable diligence during the time period [he] seeks to have tolled . . . ." Zerilli-Edelglass, 333 F.3d at 80 (internal quotation marks and citations omitted). Because "[e]quitable tolling is to be applied sparingly, and not out of a vague sympathy for particular litigants," DD v. Lincoln Hall, 2010 WL 695027, at *6 (S.D.N.Y. Feb. 19, 2010) (internal quotation marks and citations omitted), Webster's conclusory claims of medical and mental problems are "manifestly insufficient to justify any further inquiry into tolling," Boos, 201 F.3d at 185. Additionally, the non-medical issues Webster alleges in his affirmation, including his "[l]egal issues" and the "change in [his] work hour schedule," see Pl. Aff. ¶¶ 3, 4, do not amount to "exceptional circumstances" warranting equitable tolling, see Zerilli-Edelglass, 333 F.3d at 80 (internal quotation marks, citation, and alteration omitted).

Because Webster did not timely file his complaint and because he is not entitled to equitable tolling of the 90-day statutory deadline, his complaint must be dismissed as time-barred.  See Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (without "a recognized equitable consideration, the court cannot extend the limitations period by even one day"); Sanchez v. Nat'l Cleaning Co., 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998) (granting defendant summary judgment where plaintiff filed discrimination complaint 92 days after receiving the right to sue letter); Moscowitz v. Brown, 850 F. Supp. 1185, 1191-92 (S.D.N.Y. 1994) (dismissing pro se Title VII complaint filed 91 days after receipt of the right to sue letter).

IV.     CONCLUSION

For the foregoing reasons, the defendant's motion (Docket # 19) is granted.  The Clerk is requested to enter judgment dismissing the complaint and to close this case.  All pending motions are moot.

SO ORDERED.

Dated: October 27, 2010
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Bruce C. Webster
194-02 113th Road
Queens, NY 11412

Jaimie Leeser Nawaday
Assistant United States Attorney
U.S. Attorney's Office S.D.N.Y.
86 Chambers Street, 3rd Floor
New York, NY 10007

Because Webster did not timely file his complaint and because he is not entitled to equitable tolling of the 90-day statutory deadline, his complaint must be dismissed as time-barred. See Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (without "a recognized equitable consideration, the court cannot extend the limitations period by even one day"); Sanchez v. Nat'l Cleaning Co., 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998) (granting defendant summary judgment where plaintiff filed discrimination complaint 92 days after receiving the right to sue letter); Moscowitz v. Brown, 850 F. Supp. 1185, 1191-92 (S.D.N.Y. 1994) (dismissing pro se Title VII complaint filed 91 days after receipt of the right to sue letter).

## IV.   CONCLUSION

For the foregoing reasons, the defendant's motion (Docket # 19) is granted. The Clerk is requested to enter judgment dismissing the complaint and to close this case. All pending motions are moot.

SO ORDERED.

Dated: October 27, 2010
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge